UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTINA SAJOR-REEDER,<br><br>        Petitioner,<br><br>   v.<br><br>UNKNOWN,<br><br>        Respondent. | No. CV 11-3528 VAP (FFM)<br><br>ORDER DENYING APPLICATION FOR ENLARGEMENT OF TIME FOR LACK OF JURISDICTION |

Christina Sajor-Reeder ("Sajor-Reeder"), a California state prisoner proceeding *pro se*, apparently wishes to challenge her state court conviction by seeking federal habeas relief. Rather than filing a petition for writ of habeas corpus, Sajor-Reeder filed a document in which she states that she wishes to receive an extension of time until September 2011 to seek federal habeas relief ("Application"). By the Application, she apparently seeks an extension of the one-year limitations period, under 28 U.S.C. § 2244(d)(1), for filing a federal habeas petition. After reviewing the Application, the Court has determined that the relief requested cannot be granted.

Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. *See Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S. Ct. 867, 869 (1982). As Sajor-Reeder has not actually filed a federal habeas petition challenging her

conviction and/or sentence, there is no case or controversy before the Court, and she essentially seeks an advisory opinion. *See Calderon v. Ashmus*, 523 U.S. 740, 746, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998) (actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have the conviction or sentence imposed by the state court set aside).

By the Application, Sajor-Reeder asks the Court to decide prospectively whether her habeas petition will be time-barred when filed at some unspecified future date, without any adverse parties before it and without any information on which to base any conclusion that such a filing properly will fall within the one-year limitations period, even as extended. The Court cannot grant Sajor-Reeder the prospective relief she seeks without offending the case or controversy requirement of the Constitution.

The Court notes further that, even if it had jurisdiction to consider the relief requested, Sajor-Reeder has not shown any entitlement to such relief. In light of the allegations in the Application that Sajor-Reeder is proceeding *pro se* and has been "out to court" for a period of time, it may be that she seeks an order that she will be entitled to equitable tolling of her limitations period should she seek federal habeas relief in the future through a petition which is untimely under Section 2244(d)(1). The one-year statute of limitations set forth in Section 2244(d)(1) may be subject to equitable tolling "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District*

/ / /
/ / /
/ / /
/ / /
/ / /

*Court (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998).[1] However, the Ninth Circuit noted in *Beeler* that "equitable tolling will not be available in most cases." *Id*. Sajor-Reeder has not yet established any "extraordinary circumstances" beyond her control which have prevented her from timely filing a habeas petition, and it would be inappropriate for this Court to render any ruling on the equitable tolling question based on the inadequate record before it.

Should Sajor-Reeder hereafter file her habeas petition and should the respondent raise the one-year limitations period as a bar to relief, Sajor-Reeder may then make her equitable tolling argument. At that point, the Court may consider whether the Section 2244(d)(1) limitations period can be tolled.

---

[1] *Beeler* involved a request for extension of time to file a habeas petition made in advance of the filing of the petition, but is inapposite. *Beeler* was a death penalty habeas case, in which the petitioner's filed request for appointment of counsel (and stay of execution) must be deemed to constitute the commencement of the habeas action. *See McFarland v. Scott*, 512 U.S. 849, 114 S.Ct. 2568, 129 L. Ed. 2d 666 (1994). Here, Sajor-Reeder's Application -- which is bereft of any information pertaining to her conviction or possible federal habeas claims -- cannot be deemed to constitute a petition for writ of habeas corpus which would commence a habeas action. *See* Rule 2(a) and (c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief which is available to the petitioner and the factual basis for each ground for relief).

| | |
|---|---|
| 1 | Based upon the foregoing, **IT IS ORDERED** that the Application is |
| 2 | **DENIED** and that Judgment be entered dismissing this action without prejudice |
| 3 | for lack of jurisdiction. |
| 4 | **IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and |
| 5 | the Judgment herein on Sajor-Reeder. |
| 6 | **LET JUDGMENT BE ENTERED ACCORDINGLY.** |
| 8 | DATED: _May 10, 2011 |
| 9-10 | _____ VIRGINIA A. PHILLIPS United States District Judge |
| 11 | Presented by: |
| 13 | /S/ FREDERICK F. MUMM |
| 14 | FREDERICK F. MUMM United States Magistrate Judge |